## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1210 | **DATE** | 3/5/2008 |
| **CASE TITLE** | James Worthem (#2007-0071905) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a federal claim. The case is terminated. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]     Docketing to mail notices.
                                                  Mailed AO 450 form

### STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, have violated the plaintiff's statutory and constitutional rights by failing to post notices advising detainees of their basic rights, as purportedly required by 725 ILCS § 5/104-13 (2006).

The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.20 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

**(CONTINUED)**

**STATEMENT (continued)**

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

The plaintiff's allegations do not implicate a constitutional or federally protected right. The plaintiff is presumably referring to 725 ILCS § 5/103-7 (2006), which dictates:

> Posting Notice of Rights. Every sheriff, chief of police or other person who is in charge of any jail, police station or other building where persons under arrest are held in custody pending investigation, bail or other criminal proceedings, shall post in every room, other than cells, of such buildings where persons are held in custody, in conspicuous places where it may be seen and read by persons in custody and others, a poster, printed in large type, containing a verbatim copy in the English language of the provisions of Sections 103-2, 103-3, 103-4, 109-1, 110-2, 110-4, and subparts (a) and (b) 9of Sections 110-7 and 113-3 of this Code.

(Those statutes govern inmates' treatment in custody, their right to communicate with their attorney and family, preliminary hearings, and bail and pretrial release.)

In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). In the case at bar, the plaintiff has not articulated a constitutional violation. Even if jail officials have violated state law by failing to post notices of inmates' rights, the matter does not implicate the Constitution. Violations of state law are not, in and of themselves, actionable as constitutional violations. *See, e.g., Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (explaining that Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations); *Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (a violation of state law does not give rise to an actionable § 1983 claim unless it independently violates the Constitution or federal law).

The court finds as a matter of law that the plaintiff has no constitutionally protected interest in having his basic rights posted in common areas. The plaintiff is obviously aware of his rights, as he points out the jail's failure to publish them. More importantly, he has alleged no injury stemming from the defendants' purported failure to comply with state law. Consequently, the plaintiff has no cause of action against the defendants under the Civil Rights Act.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to pursuing any avenues of relief that may be available in state court. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**(CONTINUED)**

**STATEMENT (continued)**

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $255 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

As a final concern, the plaintiff is reminded, for future reference, of basic filing requirements. The plaintiff must provide the court with the original complaint, a complete judge's copy (including exhibits), and a sufficient number of exact copies for service on each defendant named in the complaint. Although an experienced litigator in this court, the plaintiff included exhibits with the original document only, and submitted non-conforming copies.